UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: DON KARL JURAVIN

DON KARL JURAVIN                              CASE NO. 6:23-cv-2349-WWB

Appellant,

v.

BELLA COLLINA PROPERTY
OWNER'S ASSOCIATION

Appellee.

## MOTION TO DISMISS APPEAL

The BELLA COLLINA PROPERTY OWNER'S ASSOCIATION (the "BCPOA"), by and through its counsel, hereby files this Motion to Dismiss Appeal and states as follows:

## INTRODUCTION

1.  Don K. Juravin (the "Debtor") has filed multiple appeals regarding the administration of his bankruptcy case. These appeals have been determined to be "frivolous" by the District Court.[1] Two of the appeals have been rejected due to his lack of standing and one appeal was rejected because the Debtor failed to show a basis for leave to appeal an interlocutory order. At least one appeal has resulted in sanctions against the Debtor. See Composite Exhibit "A". This appeal is equally frivolous.

---

[1] See Case No. 22-cv-00606-GAP (Doc No. 27) (finding the Debtor did not have standing to object to compromise); Case No. 23-00138-GAP (Doc. No. 16) (finding the Debtor did not have standing to object to compromise); Case No. 23-00164 (Doc. No. 17) (denying the Debtor's appeal and stating appeal was "yet another frivolous appeal" on page 4 of the Court's opinion); Case No. 23-00166-GAP (Doc No.17) (ruling appeal was interlocutory and the Debtor failed to meet standard for leave).

4684372.v1

2. In the underlying bankruptcy case, the Debtor has filed multiple objections to the BCPOA's proof of claim. After denying, without prejudice, the Debtor's second objection for lack of standing, the Debtor filed a third objection. The Court entered an Order abating consideration of the third objection to the BCPOA's claim.

3. This appeal is interlocutory in nature and the Debtor has failed to include with his Notice of Appeal a motion seeking leave to appeal. In addition, the Debtor is seeking to appeal an Order that is directly within the Bankruptcy Court's purview of managing the administration of the bankruptcy case. For these reasons, this appeal should be dismissed.

## BACKGROUND

4. The Debtor filed a voluntary chapter 7 bankruptcy petition on October 31, 2018, commencing his bankruptcy case pending before the United States Bankruptcy Court in the Middle District of Florida, Orlando Division, case no. 6:18-bk-06821-LVV (the "Bankruptcy Case").

5. The BCPOA is a holder of a secured claim in the Bankruptcy Case in the amount of $9,704.84 and a general unsecured claim in the amount of $391,406.86 [Claim 6-2] (the "BCPOA Claim").

6. On February 23, 2020, the Debtor filed its First Objection to the BCPOA Claim (Bankruptcy Case Doc. No. 281) (the "First Objection").

7. On April 13, 2020, the BCPOA filed its response to the First Objection.

8. On June 26, 2023, the Court entered its Order of Discharge granting the Debtor a discharge under Section 727 of the Bankruptcy Code (the "Discharge Order"). (Bankruptcy Case Doc. No. 369)

9. Thereafter, the Debtor withdrew the First Objection on July 30, 2020 (Bankruptcy Case Doc. No. 384).

10. On June 25, 2021, after discovering facts that should result in the revocation of the Debtor's discharge, the BCPOA filed that Certain Complaint for Revocation of Debtor's Discharge pursuant to Section 727 of the Bankruptcy Code commencing adversary proceeding no. 6:21-ap-00103-LVV (the "Discharge Action").

11. On February 7, 2023, the Motion to Intervene of the Chapter 7 Trustee, Dennis D. Kennedy (the "Trustee") was granted, and the Trustee joined as a plaintiff in the Discharge Action. (Bankruptcy Case Doc. No. 53).

12. The Debtor appealed the Order granting the Motion to Intervene commencing, Case No. 23-00166-GAP before this Court. This appeal was dismissed on May 3, 2023, because it was interlocutory and grounds to support leave to appeal were not established by the Debtor. (See App. Doc. No. 17.)

13. On June 21, 2023, the Debtor filed his second claim objection (the "Second Objection") to the BCPOA Claim. The Second Objection was based on nearly identical grounds as the First Objection.

14. The BCPOA timely responded to the Second Objection. (Bankruptcy Case Doc. No. 894).

15. On October 5, 2023, the Bankruptcy Court entered its Order Overruling Second Objection (the "First Order"). Exhibit "B". In the First Order, the Court overruled the Second Objection based on the Debtor's lack of standing because he had received his discharge (which has not yet been revoked) and the Debtor has no pecuniary interest in the bankruptcy estate because the estate's assets are less than the debts owed by the estate. The Order was without prejudice, subject to the revocation of the Debtor's discharge.

4684372.v1

16. The Debtor did not appeal the First Order and the time to appeal expired on October 19, 2023. See Federal Rule of Bankruptcy Procedure 8002(a)(1).

17. On October 10, 2023, the Debtor filed his Third Objection to the BCPOA Claim on, primarily, if not entirely, the same grounds as the First and Second Objections.

18. On November 3, 2023, the BCPOA filed its Response to the Third Objection.

19. On November 6, 2023, the Court entered its Order Abating Objections to Claims Filed by Debtor (the "Abatement Order"). (Doc. No. 902). By way of the Abatement Order, the Bankruptcy Court abated the consideration of several claim objections filed by the Debtor, including the Third Objection until a further Order was entered by the Court.

20. On November 9, 2023, the Debtor filed his Notice of Appeal of the Abatement Order. On December 7, 2023, the Court opened the above captioned proceeding.

## LEGAL STANDARD AND ARGUMENT

21. By way of this appeal, the Debtor is seeking to appeal the Abatement Order. The Abatement Order, however, is a non-final order and interlocutory in nature. The district courts have jurisdiction to hear final judgments, orders, and decrees of the bankruptcy courts. In re The Charter Company, 778 F.2d 617, 620 (11th Cir. 1985); see also 28 U.S.C. sec. 158(a)(1). A final decision is one where it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Id. (quoting Catlin v. United States, 324 U.S. 229, 233 (1945). "In bankruptcy proceedings, it is generally the particular adversary proceeding or controversy that must have been final resolved, rather than the entire bankruptcy litigation." Id. (citations omitted).

22. The Abatement Order, by its nature, is not a final order and interlocutory. Federal Bankruptcy Rule of Procedure 8004(a)(2) requires a motion for leave to appeal an interlocutory order to "accompany" a notice of appeal. Here, the Debtor has failed to file a timely motion for

4

leave to appeal. If the appellant fails to include a motion for leave to appeal, "the district court…may order the appellant to file a motion for leave or treat the notice of appeal as a motion for leave and either grant or deny it." Fed. Bankr. Rule 8004(d).

23. The BCPOA respectfully requests that the Court treat the Notice of Appeal as a motion for leave to appeal and deny it. The relief is appropriate because the Debtor has established a pattern of pursuing frivolous appeals. This appeal is clearly frivolous because of the nature of the Abatement Order. The Bankruptcy Court has the "inherent power" to manages its own affairs "so as to achieve the orderly and expeditious disposition of cases." <u>Goodyear Tire & Rubber Company v. Haeger</u>, 581 U.S. 101, 107 (2017). Here, the Debtor has filed three objections to BCPOA's claim. The Debtor failed to appeal the First Order. He failed to file a motion to obtain the Bankruptcy Court's approval to proceed with the Third Objection and he is essentially requesting that this Court overrule the Bankruptcy Court's inherent authority to orderly administer its docket. Taking into account the previous frivolous nature of the Debtor's appeals, denying leave and dismissing this appeal is appropriate.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, this appeal should be dismissed, and the Court should grant any further relief it deems just.

Dated December 8, 2023.

/s/ *James A. Timko*
James A. Timko, Esq.
Florida Bar No. 0088858
**DEAN, MEAD, EGERTON, BLOODWORTH, CAPOUANO & BOZARTH, P.A.**
420 S. Orange Avenue, Suite 700
Orlando, Florida 32801
Telephone: 407-841-1200
Facsimile: 407-423-1831
Email: jtimko@deanmead.com

***Counsel for the Bella Collina Property Owner's Association, Inc.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all parties listed below by email, and/or by U.S. mail on December 8, 2023.

| | |
|---|---|
| **Don Karl Juravin**<br>15118 Pendio Drive<br>Montverde, FL 34756<br>Don@Juravin.com<br>*The Debtor* | **Dennis D Kennedy**<br>P. O. Box 541848<br>Merritt Island, FL 32954<br>*The Trustee* |
| **Bradley M Saxton**<br>**Lauren M. Reynolds**<br>Winderweedle, Haines, Ward & Woodman, PA<br>329 Park Avenue North, Second Floor<br>Winter Park, FL 32789<br>*Counsel for Trustee* | **James D Ryan**<br>Ryan Law Group, PLLC<br>636 U.S. Highway One<br>Suite 110<br>North Palm Beach, FL 33408<br>*Counsel for the Trustee* |
| **United States Trustee - ORL7/13**<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801 | |

/s/ *James A. Timko*
JAMES A. TIMKO, ESQ.

COMPOSITE EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

In Re: Don Karl Juravin

DON KARL JURAVIN,

        Appellant,

v.                                           Case No: 5:22-cv-606-GAP

DENNIS KENNEDY and PSR
DEVELOPERS LLC,

        Appellees

---

## ORDER

This cause came before the Court on the Notice of Attorneys' Fees Incurred in Defending Appeal filed by the Appellee and Chapter 7 Trustee Dennis D. Kennedy ("Trustee") (Doc. 33). On November 6, 2023, the Court granted the Trustee's Motion for Sanctions (Doc. 29) and imposed sanctions against Appellant Don Karl Juravin ("Appellant") pursuant to Federal Rule of Bankruptcy Procedure 8020. Doc. 32. The Court specifically ordered Appellant to pay the Trustee's attorneys' fees and directed the Trustee to file a notice detailing the amount of attorneys' fees that he incurred in defending this appeal by November 20, 2023. *Id.* The Court also ordered Appellant to file any objection to the Trustee's fee calculation within ten (10) days after the Trustee filed his notice. *Id.*

The Trustee timely filed his Notice on November 20, 2023, advising that he has incurred fees in the amount of $13,130.00. Doc. 33. To date, Appellant has not objected to the Trustee's fee calculation. Upon review of the Trustee's calculation and his counsel's affidavit itemizing his fees, the Court finds that those fees are reasonable.

Accordingly, it is hereby **ORDERED** that Appellant Don Karl Juravin is liable to Appellee and Chapter 7 Trustee Dennis D. Kennedy for his reasonable attorneys' fees. The Clerk is directed to enter judgment for Appellee and against Appellant in the amount of $13,130.00.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 5, 2023.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

DON KARL JURAVIN aka Don Adi Juravin,

    Appellant,

v.              Case No: 5:22-cv-606-GAP

DENNIS KENNEDY and PSR DEVELOPERS LLC,

    Appellees.

## JUDGMENT IN A CIVIL CASE

**Decision by Court.** This action came before the Court and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that the Appellant Don Karl Juravin is liable to Appellee and Chapter 7 Trustee Dennis D. Kennedy for his reasonable attorneys' fees. The judgment is entered for Appellee and against Appellant in the amount of $13,130.00 for which sum let execution issue.

Date: December 6, 2023

          ELIZABETH M. WARREN,
          CLERK

          s/GLobaina, Deputy Clerk

## CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

   (b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5:** The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

EXHIBIT "B"

ORDERED.

Dated: October 05, 2023

_Lori V. Vaughan_
Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re | ) |
| | ) |
| Don Karl Juravin, | ) Case No. 6:18-bk-06821-LVV |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |

## ORDER OVERRULING DEBTOR'S OBJECTION TO CLAIM NO. 6-2 OF BELLA COLLINA PROPERTY OWNERS ASSOCIATION, INC.

THIS CASE came before the Court without a hearing on the Objection to Claim No. 6-2 of Bella Collina Property Owners Association Inc. ("Objection") (Doc. No. 892) filed by Debtor, Don Karl Juravin ("Debtor"), the Response to the Objection (Doc. No. 894) filed by Bella Collina Property Owners Association, Inc. ("Bella Collina") and Debtor's reply (Doc. No. 895). Having considered the pleadings and positions of interested parties, the Objection is overruled without prejudice.

The Court reconverted Debtor's bankruptcy case to chapter 7 on March 16, 2020.[1] Bella Collina filed its proof of claim, as amended, based on an assessment lien encumbering the Debtor's

---

[1] Doc. No. 323. On October 31, 2018, Debtor filed this case under chapter 7. Doc. No. 1. This case was converted to chapter 11 on September 16, 2019. Doc. No. 174. Debtor could not confirm a Plan of Reorganization and on March 16, 2020, the Court re-converted the case to Chapter 7.

1

home, sanctions order and related attorney fees and costs ("Claim").[2] The unsecured proofs of claim filed in Debtor's bankruptcy case exceed $27 million.[3] On June 26, 2020, Debtor was granted a discharge ("Discharge").[4] After entry of the Discharge, Bella Collina initiated an adversary proceeding against the Debtor seeking to revoke the Discharge under 11 U.S.C. §727(d)(1) and (2), which remains pending before the Court.[5] Debtor then filed the Objection requesting the Court disallow the Claim for various reasons.

A proof of claim is allowed unless a "party in interest" objects. 11 U.S.C. § 502(a). Generally, a chapter 7 debtor is not a "party in interest" for purposes of claim objections and therefore lacks standing to file such objections. *In re Martino*, No. 8:16-cv-2015-T-33, 2017 WL 1519797, *6 (M.D. Fla. Apr. 27, 2017) (citing *In re Costello*, 184 B.R. 166, 168 (Bankr. M.D. Fla. 1995)). This lack of standing is based on the notion that the debtor's rights are not affected by allowing the claim because once the claim is discharged, debtor has no legal obligation for the claim. *Id.* Exceptions, however, do exist. *Id.* "Courts have found a debtor to have standing where there will be a surplus after distribution providing the debtor with a pecuniary interest in the estate and when the debt at issue is one that may not be subject to discharge." *Martino*, 2017 WL 1519797 at *6 (internal citations and quotations omitted).

Here, Debtor lacks standing to file the Objection. The Claim is subject to the Discharge which has not been revoked. Unsecured claims filed in the case exceed $27 million and any surplus after distribution is unlikely. At this time, Debtor's rights are not affected by allowing the Claim and Debtor has no standing to object. Because the Court may revoke the Discharge upon

---

[2] Claim No. 6-2.
[3] *See* Claims Register.
[4] Doc. No. 369.
[5] *Bella Collina Property Owners Association Inc. v. Juravin*, No. 6:21-ap-00103-LVV (Bankr. M.D. Fla. filed June 25, 2021).

2

conclusion of Bella Collina's pending adversary proceeding, the Court overrules the Objection for lack of standing without prejudice.

Accordingly, it is **ORDERED**:

1. The Objection (Doc. No. 892) is **OVERRULED without prejudice**.

2. If the Discharge is revoked, this order does not prohibit Debtor from filing an objection to the Claim.

### 

Attorney, James A. Timko, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.