UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

DON KARL JURAVIN,　　　　　　　　　　Chapter 7
　　　　　　　　　　　　　　　　　　　　Case No. 6:18-bk-06821-LVV

　　　Debtor.
_____/

DON KARL JURAVIN,　　　　　　　　　　CASE NO. 6:23-cv-2349-WWB

　　　Appellant,
v.

BELLA COLLINA PROPERTY
OWNER'S ASSOCIATION, INC.,

　　　Appellee.
_____/

**RESPONSE TO MOTION TO DISMISS APPEAL**

Appellant/Debtor, Don Karl Juravin (I may refer to myself in the first and third person in this document), pro se and pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure and Middle District Local Rule 3.01, hereby files this response to Motion to Dismiss Appeal filed by Bella Collina Property Owners Association, Inc. ("BCPOA") stating that this Court has the power to deny their motion to dismiss because Appellant cured the deficiency in my *Motion Seeking Leave To Appeal To The U.S. District Court From The U.S. Bankruptcy Court*

1

("Motion Seeking Leave") in which I inadvertently omitted an Exhibit when initially filing the Notice of Appeal with Bankruptcy Court. To further support denial of their motion, I state as follows:

## Background

1. On November 6, 2023, the Bankruptcy Court issued one order abating two objections on BCPOA (doc. 902) and Consumer Opinion Corp. (905). On November 9, 2023, I filed with Bankruptcy Court notice of appeal on abated order and Motion Seeking Leave with Middle District of Florida/Ocala Division. The court's clerk had technical difficulties with the attachment and I resubmitted the filing on November 14, 2023. The clerk assigned case no.: 23-mc-00007-TJC and forwarded the case to Judge Timothy J. Corrigan. Judge Presnell asked for this case to be reassigned to him on November 29, 2023. Now, somehow, this case was opened in the Middle District of Florida/Orlando Division and a new case number is assigned 23-cv-2349-WWB.

2. On January 7, 2019, Consumer Opinion Corp. filed Proof of Claim Number 1 alleging a general unsecured claim in the amount of $481,806.98. Also on January 7, 2019, Opinion Corp. d/b/a Pissedconsumer.com, which purports to be a separate entity, filed Claim Number 2, which appears to be nearly a duplicate of Claim Number 1. Because of the similarities in their claim, I will refer to them

2

collectively as "COC/Opinion Corp." That date in 2019 is not a typo; these parties have been using the Bankruptcy Court to pursue me for that long.

On April 26, 2019, Bella Collina Property Owners Association Inc., "BCPOA", filed their Proof of claim Number 6-1 alleging a secured claim against the Debtor in the amount of $141,324.31 and on February 14, 2020, an amended Proof of claim Number 6-2 alleging a total claim of $401,111.70, of which $9,704.84 is claimed as secured and $391,406.86 is claimed as unsecured.

3. On June 21, 2023, I, the *Pro Se* Appellant, objected to Proof of Claim No. 6-2 filed by Bella Collina Property Owners Association Inc., and on October 5, 2023, the Bankruptcy Court overruled my objection asserting lack of standing. I amended my objection by explaining my standing and filed my amended objection on October 10, 2023. At the same time, on October 10, 2023, I also filed an Objection to claim No. 1 of Consumer Opinion Corp. and claim No. 2 of Opinion Corp. d/b/a Pissedconsumer.com.

What BCPOA is not mentioning is that my previous objections to proof of claims were filed and/or withdrawn by my attorney at the time, Aldo Bartolone, who was representing me until about the end of 2022. Since then I have had to represent myself. Also unaddressed by BCPOA and the Bankruptcy Court is why I am having to pursue these claim objections in the first place. Why hasn't the Chapter 7 Trustee already done this according to the Handbook for Chapter 7

3

Trustees published by the U.S. Department of Justice, "Section 704(a)(5)"?

4. On November 6, 2023, the Bankruptcy Court issued an order "abating" my objections until later in the case. Clearly, this "abatement" is simply to give the Chapter 7 Trustee's attorneys more time to deplete 100% of the bankruptcy estate; that will help the Bankruptcy Court avoid having to rule on the claim objections. Despite the obvious flaws of the claims, the Chapter 7 Trustee, Mr. Kennedy, has not objected to any. His entire focus is on his multi-year pursuit of me, which is now in its 6th year. He is attempting to revoke my Chapter 7 discharge by intervening in an adversary proceeding that was filed by BCPOA, whose standing to bring adverse action could only have been based on the flawed Proof of Claim 6-2 they filed in the bankruptcy case making BCPOA's own standing highly questionable. Trustee would not have been able to bring such an action having missed the deadline for doing so. The case has been open for over 5 years; the discharge was granted over 3 years ago on June 26, 2020; one day before the deadline passed to bring such action, on June 25, 2021, BCPOA filed an adversary proceeding seeking to revoke my discharge. Their adversary action was dismissed on October 14, 2021, with an Amended Complaint being filed on December 3, 2021.

5. I seek transparency and to address these troubling matters to ensure a fair resolution. Because both the Bankruptcy Court and the Chapter 7 Trustee allow

defective claims to stand, I had no choice but to object to them myself. I have concerns about irregularities, fraudulent claims, and questionable actions in the Bankruptcy Court involving the Chapter 7 Trustee Dennis D. Kennedy and attorney Marc Randazza (COC/Opinion Corp.) in Case No. 6:18-bk-06821-LVV. These issues include demonstrably false claims, conflicts of interest, and a suspicious relationship between the Chapter 7 Trustee and the entities of wealthy and politically connected individual, Dwight Schar.[1] There is a very long list of these entities but I will narrow it down the ones that are directly involved with my bankruptcy case; they are Bella Collina Property Owners Association Inc. (BCPOA, to whose motion I am responding), DCS Real Estate Investments, LLC (DCS), The Club at Bella Collina, LLC, and Wilmington Financial Services, LLC (Wilmington). Chapter 7 Trustee Dennis D. Kennedy is clearly conflicted to the point of allowing his office to be used in a private vendetta against me, one that is financed by DCS Real Estate Investments, LLC, the entity of a wealthy individual, Dwight Schar.

6. If these fraudulent claims are allowed to stand, the claimants could be paid by

---

[1] Mr. Schar has been banned by the National Football League from having any ownership interest in any franchise; he formerly owned a minority interest in what is now the Washington Commanders franchise. That ban is for life. This lifetime ban was instituted after he was investigated by a former U.S. Attorney General, Loretta Lynch, at the request of the NFL. He has also been accused by former business associates of using "gangster tactics" and "extortion." He has now used his money to effectively take over the office of a Chapter 7 Trustee in order to use it for his own purposes. This is all in retaliation for me bringing to light unethical and illegal practices in the Bella Collina community.

5

the Chapter 7 Trustee. That would leave me owing legitimate creditors more than I would in the absence of these fraudulent claims. Contrary to the reasoning of the Bankruptcy Court and my adversaries, not all of my debts are discharged. Also, I am a creditor. That means that I have a clear financial stake in the outcome. At least, this would be the case if the professionals hired by Mr. Kennedy were not intent on utterly depleting the entire bankruptcy estate with administrative claims. Even if nothing is paid on these claims, they are clearly fraudulent and should not be allowed to stand.

7. The amounts claimed and the supporting documents are identical in both Proofs of Claim filed on behalf of COC/Opinion Corp. (Please see attached "Exhibits A-1 and A-2") As the basis for its claim, COC/Opinion Corp. alleges that there was a violation of Fla. Stat. § 501.201(Florida's Deceptive and Unfair Trade Practices Act) and malicious prosecution, as a result of a lawsuit filed against COC/Opinion Corp. by Roca Labs, Inc. Roca Labs, Inc. filed a lawsuit against COC/Opinion Corp. in the United States District Court for the Middle District of Florida, Tampa Division, Case No. 8:14-cv-02096-VMC-EAJ (the "Roca Labs Lawsuit"). Please note that I was not a party in the lawsuit, nor is Roca Labs, Inc. a debtor in the bankruptcy case in which these claims were filed. At this point, it seems reasonable to wonder why BCPOA seems to act so as to protect COC/Opinion Corp. That explanation is actually simple. The attorney who filed the COC/Opinion Corp.

claim(s) is ultimately employed by the same person who has effective control of BCPOA. That same person also employs the attorney for the Chapter 7 Trustee, which explains why there is reluctance on the part of the Chapter 7 Trustee to take action on these obviously flawed claims. This is far from a "conspiracy theory" of any sort; it is evident from court documents. Dwight Schar has employed Mr. Randazza and Mr. Ryan, and he exerts great power (I believe effective control) over BCPOA.

### WHY THE CLAIMS ARE FRAUDULENT

While COC/Opinion Corp. may possibly have, or have had at some point, a claim against Roca Labs, Inc. for its statutory and common law claims, the Debtors (neither Don Juravin nor Must Cure Obesity Co) were not parties in the Roca Labs Lawsuit at the time, and no claims were made by or against either of them in the Roca Labs Lawsuit. COC/Opinion Corp. is simply not a creditor, despite their attorney, Mr. Randazza, falsely labeling them as such in supporting documentation filed with the claims.

Attorney Marc Randazza, representing COC/Opinion Corp., represented to the Bankruptcy Court that COC/Opinion Corp. was somehow entitled to attorney fees from Don Juravin. He claimed that "The Creditors incurred attorneys' fees in the amount of $480,806.98 because it had to defend itself from Debtor's vexatious lawsuit." There is basically nothing in that statement that is true, and Mr. Randazza

7

knows it. Had he looked at the matter with any level of scrutiny, Mr. Kennedy would also know it. Don Juravin and Must Cure Obesity Co were not even parties in that lawsuit. Furthermore, Mr. Randazza's motion in the District Court case for sanctions and attorney fees was denied by the District Court (please see "Exhibit B", which is the Order of the Judge **denying** the motion). Mr. Randazza was well aware of this ruling, as he briefed and argued the losing motion, yet he still filed these fraudulent and duplicated claims. Randazza's ethical struggles are easily found with a Google search of his name. At least 5 states have sanctioned him for unethical behavior in the practice of law.

### The BCPOA claim and Motion

BCPOA's claim is also based on a faulty premise. The basis for the claim is a state court judgment from a case in which BCPOA is not even a party. In fact, three other entities could claim rights in that judgment. Also, the secured portion of their claim is clearly and demonstrably erroneous. The claim was even signed by one of the other parties (Randall Greene) in the state court matter. This means that the secured and unsecured parts of their claim are simply wrong.

The Motion to Dismiss begins with a tactic to which I have become accustomed. BCPOA begins with misrepresentation, then proceeds with the idea of "see, this is a bad person, so rule against him" based on their misrepresentation. It is true that I have appealed matters from the Bankruptcy Court. Some of them have

been ruled as "frivolous" by Judge Presnell of the District Court while some have been appealed beyond this Court. Given the wide latitude given to BCPOA and their allies by the Bankruptcy Court, and given the huge number of lawsuits and motions that these entities have filed in the 5+ year old case, it is no wonder that I have appealed a handful of rulings. BCPOA and the others referenced above, would have things much easier if I would just let them run me over. Their fraudulent claim could then stand, the Chapter 7 Trustee could continue to look the other way, and the system could continue to be misused by a private party for private purposes.

In their Motion to Dismiss, BCPOA states "On June 26, 2023, the Court entered its Order of Discharge granting the Debtor a discharge under Section 727 of the Bankruptcy Code (the "Discharge Order"). (Bankruptcy Case Doc. No. 369)." I wish that I could believe that the date given of "June 26, 2023" is a simple and innocent typographical error. At this point, I do not. The Bankruptcy Court entered the discharge order in my case on June 26, **2020**.

In another blatant misrepresentation, BCPOA states in their motion "Here, the Debtor has failed to file a timely motion for leave to appeal." This statement is particularly strange given that BCPOA filed a response to just such a motion. Also, a quick review of this Court's record reveals that I filed just such a motion on November 9, 2023.

BCPOA goes on to misrepresent another Bankruptcy Court Order when it says "The Order was without prejudice, subject to the revocation of the Debtor's discharge." This is in reference to the Bankruptcy Court's erroneous ruling that I lacked standing to object to claims. The idea that BCPOA is pushing is that I could only object to claims if the Bankruptcy Court revokes my discharge. The Bankruptcy Court's ruling does not make my ability to object to claims contingent upon my discharge being revoked. I have a demonstrable financial interest in the outcome of the claims litigation. Not only does the largest creditor in my case have a claim which is not discharged, but I am also a creditor in the consolidated cases.

In another clear attempt to influence this Court, BCPOA states that "By way of the Abatement order' the Bankruptcy Court abated the consideration of several claim objections filed by the Debtor, including the Third Objection until a further Order was entered by the Court." The use of the word "several" is tactical. There are two (possibly three) objections: my objection to the BCPOA claim, and my objections to the clearly fraudulent claims filed by Mr. Randazza. It is possible that there are two separate claims filed by Mr. Randazza, so, there are three claims at issue at most. Is BCPOA saying that the claims filed by Mr. Randazza are not duplicates? That would actually take more scrutiny than the Chapter 7 Trustee has applied to the claims. Why are they saying "several" when the record definitively shows two? That strange phrasing (referring to two as "several") is a cheap attempt

to influence this Court.

### SUMMARY OF THE DEFECTIVE COC/OPINION CORP. CLAIMS:

Mr. Randazza made the following false statements to the Bankruptcy Court:

1. That the Debtor, Don Juravin, was indebted to Mr. Randazza's client, COC/Opinion Corp. He made this claim in two separate claims filed with the Bankruptcy Court. The basis for the alleged claims is a lawsuit in which neither Don Juravin nor Must Cure Obesity were parties. Mr. Randazza refers to the Debtor being held personally liable in the FTC case in an attempt to use some sort of transitive property of liability that has no support in the law. Mr. Randazza didn't file claims for the FTC, they filed their own claims.

2. He claimed that the Debtor owed his client for attorney fees when he knew perfectly well that the District Court had entered an Order denying his request for attorney fees. That matter was already litigated. He lost, yet in paragraph 2 of his "**Creditors Consumer Opinion Corp. and Opinion Corp.'s Memorandum in Support of Proofs of Claim**," he invokes the Bankruptcy Court's jurisdiction to decide the matter. He doesn't elaborate on the Bankruptcy Court's power to review District Court decisions.

3. In his "**Creditors Consumer Opinion Corp. and Opinion Corp.'s Memorandum in Support of Proofs of Claim**," which appears to have been drafted on the same day that both claims were filed, he refers to COC/Opinion

Corp. as "Creditor." He also recounts the history of the FTC case, evidently picking up on this strategy of smearing the Debtor from other parties who are pursuing the Debtor. There is no support anywhere for the idea that COC/Opinion Corp. is in any way a "creditor" of Don Juravin or of Must Cure Obesity Co.

These false statements are contained in documents signed by attorney Mr. Randazza under penalty of perjury. The Bankruptcy Code and other laws impose harsh penalties for filing fraudulent claims in a bankruptcy case. Bankruptcy fraud carries a sentence of up to five years in prison, or a fine of up to $250,000, or both. Even just intending to commit bankruptcy fraud may be punishable.

These defects in these claims rise above the level of simple mistakes; it beggars belief to suggest that Mr. Randazza would not have known that his request for attorney fees had already been denied by a federal judge, or that he didn't know who the parties were in a Federal District Court lawsuit in which he was involved, or that he believed that the FTC case made the Debtor liable to his client. These are knowing and intentional falsehoods that were part of a calculated effort to open as many legal fronts against the Debtor as possible.

I am puzzled as to why the Chapter 7 Trustee has turned a blind eye to these claims. Actually, I know why he has, but he shouldn't. In fact, he has a duty to act. According to the Handbook for Chapter 7 Trustees published by the U.S. Department of Justice, "Section 704(a)(5) requires a trustee to examine proofs of

claim and object to the allowance of any claim that is improper, if a purpose would be served by doing so." Preventing overpayment on the basis of a duplicate claim would certainly serve a purpose; just objecting to a duplicate is the least that could be expected. For some reason, the Chapter 7 Trustee hasn't even done that much in this case.  The Handbook for Chapter 7 Trustees further provides that "*A trustee should file objections to allowance of claims, if appropriate, and may file omnibus objections if they satisfy Fed. R. Bankr. P. 3007(d) and (e).  Possible reasons for objecting to a claim include:*

> *a.   Sufficient documentation was not provided;*
>
> *b.   The claim amount is in error;*
>
> *c.   The claim has been previously paid;*
>
> *d.   The claim is not owed;*
>
> *e.   The claim is a duplicate of another claim; or*
>
> *f.   The claim arose from obligations arising from the debtor's personally owned business.*
>
> *Other grounds for objection may be found in section 502.*"

Here, we have claims for which no documentation exists at all, they are not owed, and they are clearly identical. Because these defects are open and obvious, it brings into question why the Chapter 7 Trustee has failed to object to the claims. Well, that is possibly because Mr. Randazza also represents the man who pays through

the DCS Real Estate Investments, LLC entity for the Chapter 7 Trustee's attorneys in this case. Yes, Mr. Randazza also represents Dwight Schar, so the Chapter 7 Trustee will not be interested in opposing anything that Mr. Randazza files. In fact, given that these claims have been in the Claims Register for years now, we can assume that the Chapter 7 Trustee intended to pay both fraudulent claims; that is, before his attorneys ran up enough administrative expenses to deplete the entire estate. Even if Mr. Kennedy were to take action at this point, it doesn't change the fact that he has let these fraudulent claims remain on the record for years.

BCPOA's Amended Claim 6-2 does not comply with Federal Rule of Bankruptcy Procedure 3001(c) because although the claim is alleged to be secured, no proof of such secured status is attached to the proof of claim, it does not have it an itemized statement of the interest, fees, expenses, or charges, nor does it contain a statement of the amount necessary to cure any default as of the date of the petition. The secured amount is inflated by BCPOA as the assessment lien amount, which was filed with a state court, does not match. Despite the undeniable fact that BCPOA is asking twice for that same money, also in a state court case. There are also other falsities, for example, the annual interest rate is not accurate as claimed by BCPOA in their amended Proof of Claim Number 6-2. BCPOA charges the maximum rate of 18.00% interest allowed in Florida (Fla. Stat. §720.3085(3).

**Appeals 5:23-mc-0007-GAP and 6:23-cv-2349-WWB**

On November 9, 2023, I filed a Notice of Appeal on a non-final order[2] with the Bankruptcy Court (attached here as "Exhibit C") and Motion Seeking Leave with the Middle District Court, Ocala Division via the court's website. Regrettably, the Motion Seeking Leave was inadvertently omitted when I initially submitted the Notice of Appeal, and I rectified this oversight by supplementing the mentioned filing at a later time with the Bankruptcy Court (please see attached as "Exhibit D and D-1"). The Middle District Court's clerk experienced technical difficulties with the Motion Seeking Leave and asked me to resubmit the filing; I did so on November 14, 2023 (please see a copy of my email attached as "Exhibit D-2"). The Middle District Court's clerk assigned case no.: 23-mc-00007-TJC. After that, Honorable Judge Presnell, (for the 6th or 7th time), asked for the "Juravin case" to be reassigned to him on November 29, 2023. While BCPOA cites irrelevant cases having nothing to do with this particular appeal as one of their tactics, what BCPOA is not mentioning here is that the same judge was handling all of my appeals in the Middle District of Florida. At some point, I even objected to the transfer of one of my appeals to Honorable Judge Presnell (please see my motion by way of objection attached as "Exhibit E"). This Judge always asked to have the "Juravin cases" assigned to him "with his consent". The same thing happened here,

---

[2] I appealed the most recent order on my two objections issued by Bankruptcy Court on November 6, 2023, and the previous order will be included in my brief

15

the Judge asked for this matter to be reassigned to him. In fact, Judge Presnell already ruled favorably for BCPOA on December 11, 2023, for this case (5:23-mc-0007-GAP, Ocala Division) to be dismissed and ordered the clerk to close the case. Please see the mailed paper copy of that order I received attached as "Exhibit F". BCPOA was well aware of the pendency of case no. 5:23-mc-0007-GAP but they did not mention it to this court. Instead, they used the order issued by the Judge from Ocala Division and cited the judge's words in their "Response" to my Motion Seeking Leave" which they submitted on December 18, 2023, in this case. The duplication is perhaps an oversight in this matter, and two cases were created, nos. 5:23-mc-0007-GAP (Ocala Division) and 6:23-cv-2349-WWB (Orlando Division).

In paragraph 23 BCPOA says "The Bankruptcy Court has the "inherent power" to manages (sic) its own affairs". While that is true as far as it goes, they do not mention that the Bankruptcy court hid documents from me and the public eye by sealing them in my case and failed to follow its own order which called for unsealing said documents at a certain time. Again, I had no choice but to file motions and argue for something that was ordered by the Bankruptcy Court and not followed by that same institution. The problem is that the Court and the Chapter 7 Trustee's office are being used by a third party who is not a creditor and pays bills of the trustee's office; this third party is an affiliate of BCPOA. Because I am pro

se, I am being perceived and treated as an easy obstacle to run-over.

**TIMELINE**

01/07/2019  Consumer Opinion Corp. filed a Proof of Claim No. 1

01/07/2019  Opinion Corp. d/b/a Pissedconsumer.com filed a Proof of Claim No. 2

04/26/2019  Bella Collina Property Owners Association Inc. filed Proof of Claim No. 6-1

12/31/2019  Attorney Aldo Bartolone on behalf of Debtor filed an Objection to Claim No. 6-1 of BCPOA

12/31/2019 Attorney Aldo Bartolone on behalf of Debtor filed an Objection to Claim No. 1 of Consumer Opinion Corp.

12/31/2019 Attorney Aldo Bartolone on behalf of Debtor filed an Objection to Claim No. 2 of Opinion Corp. d/b/a Pissedconsumer.com.

01/29/2020 Attorney Randazza on behalf of Consumer Opinion Corp. and Opinion Corp. d/b/a Pissedconsumer.com filed responses to: Objection to Claim No. 1 of Consumer Opinion Corp and Objection to Claim No. 2 of Opinion Corp. d/b/a Pissedconsumer.com

01/31/2020 Attorney Matthews Williams filed a response to Objection to Claim No. 6-1 of BCPOA. (Doc. 228)

02/14/2020  Bella Collina Property Owners Association Inc. filed Proof of Claim No. 6-2

02/23/2020 Objection to Claim No. 6-2 of BCPOA filed by att. Aldo Bartolone on behalf of Debtor

03/11/2020  Order overruling Objection to claim No. 6-1 of BCPOA (Doc. 228)

04/13/2020 Opposition Response to Debtor's Objection to Claim No. 6-2 of BCPOA filed by att. Matthews Williams on behalf of BCPOA.

04/15/2020 Debtor's Objection to claim No. 1 of Consumer Opinion Corp. and Debtor's Objection to claim No. 2 of Opinion Corp. d/b/a Pissedconsumer.com withdrawn by Debtor's attorney Aldo Bartolone during open court hearing

07/30/2020 Notice of Withdrawal of Objection to Claim No. 6-2 of BCPOA filed by att. Aldo Bartolone on behalf of Debtor

06/21/2023 Objection to claim No. 6-2 of BCPOA filed by pro se Debtor

10/05/2023 Order overruling pro se Debtor's Objection to Claim No. 6-2 of BCPOA.

10/10/2023 Amended Objection to Claim No. 6-2 of BCPOA filed by pro se Debtor

10/10/2023 Objection to Claims No. 1 and No. 2 of Consumer Opinion Corp. filed by pro se Debtor

11/06/2023 Bankruptcy Court Order abating objections to claims filed by pro se Debtor

11/09/2023 Notice of Appeal filed with Bankruptcy Court filed by pro se Debtor

11/09/2023 Motion Seeking Leave To Appeal To The U.S. District Court From The U.S. Bankruptcy Court filed by pro se Debtor with The U.S. District Court

**Conclusion:**

The motion should be denied. Judge Presnell's earlier rulings against me are largely irrelevant; I have appealed some of those. While BCPOA and their allies would have a much easier time if I just let them go unopposed, I cannot do that. The Bankruptcy Court delayed ruling on my objections for the pretty clear reason of giving the attorneys for the Chapter 7 Trustee more time to utterly deplete the bankruptcy estate; this would help all of these parties "solve" the problem of my standing as it stood at the time of the Bankruptcy Court's Order. BCPOA argues that "he is essentially requesting that this Court overrule the Bankruptcy court's inherent authority to orderly administer its docket." This is a complete misrepresentation of what I am asking for. The Chapter 7 Trustee is blatantly ignoring claims that have clear deficiencies. BCPOA benefits from this, as does the Chapter 7 Trustee. I am asking that defective and fraudulent claims be denied. The fact that I have had to object to these claims at this point in the case shows that nothing is being administered in an orderly fashion.

Dated: December 29, 2023.                                      Respectfully submitted,

                                                               _____
                                                               Don Karl Juravin, /*Pro Se Appelant*/
                                                               15118 Pendio Dr.

Bella Collina, FL 34756<br>
don@juravin.com<br>
8138105100

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 29, 2023, a true and correct copy of the foregoing has been furnished by electronic and U.S. Postal Service mail to:

| |
|---|
| Consumer Opinion Corp. and Opinion Corp. c/o Marc Randazza, Esq.<br>ecf@randazza.com<br>mjr@randazza.com<br><br>Randazza Legal Group, PLLC<br>2764 Lake Sahara Drive, Suite 109, Las Vegas, NV 89117 |
| Bella Collina Proprty Owners Association Inc., c/o James Timko, Esq.<br>jtimko@deanmead.com<br>420 S. Orange Avenue, Suite 700<br>Orlando, FL 32801 |
| Dennis D. Kennedy, Trustee, c/o James D. Ryan, Esq.<br>jdr@ryanlawgroup.net<br>Ryan Law Group, PLLC<br>636 U.S. Highway One Suite 110<br>North Palm Beach, FL 33408 |

/signature/
Don Karl Juravin, /Pro Se Appelant/