UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: DON KARL JURAVIN

DON KARL JURAVIN            CASE NO. 6:23-cv-2349-WWB

    Appellant,

v.

BELLA COLLINA PROPERTY
OWNER'S ASSOCIATION

    Appellee.

_____

**SUPPLEMENT TO AMENDED RESPONSE TO MOTION SEEKING LEAVE TO APPEAL TO THE U.S. DISTRICT COURT FROM THE U.S. BANKRUPTCY COURT; NOTICE OF RELATED PROCEEDING**

The BELLA COLLINA PROPERTY OWNER'S ASSOCIATION (the "BCPOA"), by and through its counsel, hereby files this Supplement to Amended Response to the Debtor's Motion Seeking Leave to Appeal to the U.S. District Court from the U.S. Bankruptcy Court (the "Motion"); and Notice or Related Proceeding, and states as follows:

On November 9, 2023, Don Karl Juravin, filed a Motion for Leave to Appeal, which commenced case no. 23-mc-00007-GAP before the United States District Court for the Middle District of Florida. A copy of this Motion is attached hereto as <u>Exhibit</u>

"A". This Motion relates to the same bankruptcy Order that is the subject of this appeal.

On December 11, 2023, Judge Presnell entered an Order denying leave to appeal. See Exhibit "B" attached hereto.

The BCPOA submits that because this appeal is duplicative and the District Court has already denied the relief sought by Juravin, this appeal should be dismissed.[1]

Dated January 2, 2024.

/s/ James A. Timko
James A. Timko, Esq.
Florida Bar No. 0088858
**DEAN, MEAD, EGERTON, BLOODWORTH, CAPOUANO & BOZARTH, P.A.**
420 S. Orange Avenue, Suite 700
Orlando, Florida 32801
Telephone: 407-841-1200
Facsimile: 407-423-1831
Email: jtimko@deanmead.com
mgodek@deanmead.com
*Counsel for the Bella Collina Property Owner's Association, Inc.*

---

[1] The BCPOA was unaware of this prior appeal until it learned of it today. Apparently, Juravin sought the same relief a second time when his first attempt was denied. A Motion has been filed in the underlying bankruptcy case to name Juravin a vexatious litigant. The BCPOA asserts and reserves its right to seek sanctions if Juravin continues to persist with this proceeding.

2
4729486.v1

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all parties listed below by CM/ECF notification, email, and/or by U.S. mail on January 2, 2024.

| | |
|---|---|
| **Don Karl Juravin**<br>15118 Pendio Drive<br>Montverde, FL 34756<br>Don@Juravin.com<br>*The Debtor* | **Dennis D Kennedy**<br>P. O. Box 541848<br>Merritt Island, FL 32954<br>*The Trustee* |
| **Bradley M Saxton**<br>**Lauren M. Reynolds**<br>Winderweedle, Haines, Ward & Woodman, PA<br>329 Park Avenue North, Second Floor<br>Winter Park, FL 32789<br>*Counsel for Trustee* | **James D Ryan**<br>Ryan Law Group, PLLC<br>636 U.S. Highway One<br>Suite 110<br>North Palm Beach, FL 33408<br>*Counsel for the Trustee* |
| **United States Trustee - ORL7/13**<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801 | |

/s/ *James A. Timko*
James A. Timko, Esq.

3
4729486.v1

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

In Re:                                                          Case No. 6:18-bk-06821
                                                                Chapter 7
DON KARL JURAVIN
_____/

## MOTION SEEKING LEAVE TO APPEAL TO THE U.S. DISTRICT COURT FROM THE U.S. BANKRUPTCY COURT

Debtor, Don Karl Juravin (I may refer to myself in the first and third person in this document), pro se and pursuant to Rule 8004 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. §158(a)(3), hereby moves this Court for leave to appeal a non-final Order (doc. 916, attached as Exhibit A) entered by the Bankruptcy Court in this District on November 6, 2023. In support thereof, I state as follows:

BACKGROUND

I filed a bankruptcy petition on October 31, 2018. Since that time, I have been relentlessly pursued by the Chapter 7 Trustee in my case, Dennis Kennedy, and other parties, in Bankruptcy Court, and in state court, and even outside of the courts. Because of the demonstrated hostility of the Chapter 7 Trustee towards me, and his willingness to cooperate with those other parties who are pursuing me, I began to review the claims filed against my bankruptcy estate. I was not surprised

-1-

to find that the claim(s) filed by Consumer Opinion Corp. (possibly two claims, though it is difficult to tell if both are from the same entity or not) were defective to the point of being quite possibly fraudulent. I objected to the claims. I also objected to the claim filed by Bella Collina Property Owners Association, Inc. ("BCPOA"). Their claim is also defective on other grounds. The Bankruptcy Court had previously ruled that I lack standing to object to any claims, dismissing without prejudice my earlier objection to the BCPOA claim. My claim of standing is that any money that is paid on the defective claims will result in me owing more money to a creditor (The Federal Trade Commission) whose claim has been ruled non-dischargeable. This is not a claim for standing that I had previously made. The only reason that I objected to these claims is that the Chapter 7 Trustee appears to have no interest in doing anything other than pursuing claims against me or in smearing my name with accusations of fraud.

Currently, there is an adversary proceeding pending against me that was filed by BCPOA and later joined by the Chapter 7 Trustee by Order of the Bankruptcy Court on February 7, 2023. Prior to the Trustee's intervention in the case, very little of substance had happened. They seek to revoke the discharge that I received in 2020. BCPOA's standing to file the case is based on the proof of claim they filed in the case. The Chapter 7 Trustee intervened in the case. He was beyond his deadline to file such a case, so his standing is based on that of BCPOA. Obviously, the

Chapter 7 Trustee is not going to object to a claim that could be the basis of his standing. Because my standing to object to these claims is arguably based on there being funds available for the Chapter 7 Trustee to distribute to creditors, the Bankruptcy Court has chosen to wait until such time as the Chapter 7 Trustee is ready to administer what assets there are in the case. The problem is that the attorneys and other professionals employed by the Chapter 7 Trustee to pursue me are running up administrative expenses in the hundreds of thousands of dollars. At their current rate, they will easily exceed all of the money that these professionals have "recovered" for the bankruptcy estate by the time that the Bankruptcy Court is ready to rule on these matters. According to the Bankruptcy Court, this occurrence would represent "judicial economy," which was the basis for "abating" these objections.

    These attorneys are currently engaging in litigation against me that should qualify as frivolous. Aside from making unfounded and unsubstantiated and irrelevant personal attacks against me in open court (which the Bankruptcy Court seems to allow without comment, even when it is pointed out for what it is), they seek to deny my requests to take depositions of witnesses that they intend to use in their trial against me. **I have grave concerns that the Bankruptcy Court will allow my adversaries to say or do almost anything with impunity.** I understand that the Bankruptcy Court and this Court have heard a steady and years-long

barrage of information about me from my adversaries that was intended to paint an unpleasant picture. That's why my opponents recount the FTC's case against me in nearly every document they file with any court; it's also why they see fit to write and say untrue things to the courts, things that they cannot substantiate. I have not been able to find any legal authority for the idea of "we have been telling you that this is a bad person for 5 years, so rule against him." I assume that it must exist, since that seems to be the Bankruptcy Court's guiding light in the case. The disappointing thing is that the courts allow it to go on after all these years; and now, possibly at the expense of the entire bankruptcy estate. "Abating" these matters simply allows more time for the attorneys to deplete the estate. That will enrich them, and it will also solve the Bankruptcy Court's "problem" of my standing. What is lost in all of that is that parties will have been allowed to file defective and fraudulent claims without any scrutiny, much less any penalty.

An even bigger question than that of my standing to bring these objections is why I need to. Why am I having to do this? Two of the claims are clearly defective; this can be determined with a few minutes of review. Why hasn't the Chapter 7 Trustee objected to them? They don't impact his standing in the adversary proceeding in any way. If the Chapter 7 Trustee is waiting until the end of all litigation to do so, then he is simply waiting for his own attorneys to run up administrative expenses to the point that the claims will not matter. At this point, it

is evident that the Chapter 7 Trustee had no inclination to even look at these claims, and the Bankruptcy Court is happy to "kick the can down the road" in hope that I will just go away and learn to live with powerful parties having their attorneys smear my name. "This party annoys me, so I will rule against him" is not justice in any way.

## SUMMARY OF THE APPEAL

My standing to object to these claims, as the Bankruptcy Court is aware, could depend on there being any available distribution to creditors; another way of saying this is that my standing could depend on the ability of the professionals hired by the Chapter 7 Trustee (who should have objected to the claims) to deplete the entire bankruptcy estate. They have already run up fees of over $1,000,000.00. By abating these objections, the Bankruptcy Court extends the litigation, which just means that the Trustee's attorneys will pile up even larger fees. No sort of "economy" is served. The Bankruptcy Court should not play along with the clear strategy of my opposition to deplete the bankruptcy estate, nor should it allow defective claims to stand because the Chapter 7 Trustee refuses to object to them.

## ARGUMENT

The Bankruptcy Court's action only serves to give those who are aligned against me some additional time to make sure that the administrative claims deplete the entire bankruptcy estate. That will nicely resolve the issues of my

standing and the Chapter 7 Trustee's standing. This will all have been done in the service of allowing my bankruptcy proceedings to achieve ends that are not found anywhere in the Bankruptcy Code. The Bankruptcy Court's ruling of "abatement" simply allows clearly defective claims to stand.

For all of the foregoing reasons, Debtor asks leave of this Court to appeal the non-final Order of the Bankruptcy Court entered on November 6, 2023.

Dated November 9, 2023.                                Respectfully submitted,

/דון קרל /

Don Karl Juravin, /Pro Se/
15118 Pendio Dr.
Bella Collina, FL 34756
don@juravin.com
8138105100

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 9, 2023, a true and correct copy of the foregoing has been furnished by electronic mail to:

Dennis D. Kennedy, Trustee, dan@ddkennedy.com,

James D. Ryan, Esq., jdr@ryanlawgroup.net;

Brad Saxton, Esq., saxton@whww.com;

James Timko, Esq., jtimko@deanmead.com;

/s/ Don Karl Juravin/

Don Karl Juravin, /*Pro Se*/
15118 Pendio Dr.
Bella Collina, FL 34756
don@juravin.com
8138105100

Case 5:23-mc-08007-LVV Document 91-6 Filed 11/09/23 Page 8 of 9 PageID 8 Case 6:18-bk-06821-LVV Doc 916 Filed 11/06/23 Page 1 of 2

EXHIBIT A

ORDERED.

Dated: November 06, 2023

_Lori V. Vaughan_
Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 6:18-bk-06821-LVV |
| Don Karl Juravin, | ) | Case No. 6:20-bk-01801-LVV |
| | ) | |
| Debtor. | ) | Jointly Administered with |
| | ) | Case No. 6:18-bk-06821-LVV |

**ORDER ABATING OBJECTIONS TO CLAIMS FILED BY DEBTOR**

THIS CASE came before the Court without a hearing on the Amended Objection to Claim No. 6-2 of Bella Collina Property Owners Association, Inc. (Doc. No. 902) and Objection to Claim Nos. 1 and 2 of Consumer Opinion Corp. (Doc. No. 905) (collectively "Objections"), filed by Debtor, Don Karl Juravin. For the reasons stated in the Order Overring Debtor's Objection to Claim No. 6-2 of Bella Collina Property Owners Association, Inc. ("Order"),[1] the Court overruled, without prejudice, the objection based on Debtor's current lack of standing. After entry of the Order, Debtor filed the Objections which assert the Debtor does have standing and opposes allowance of the claims for various reasons. Because the chapter 7 trustee has not concluded administering assets in these cases, distributions to these creditors, if any, are

---

[1] Doc. No. 901.

1

unknown. As a result, judicial economy favors abating the Objections until the end of the cases. Accordingly, it is

**ORDERED**:

1. The Objections (Doc. Nos. 902, 905) along with their respective responses and any other objections to claims filed by the Debtor are **ABATED** unless the Court orders otherwise.

2. The chapter 7 trustee shall notify the Court when he has concluded administering assets in these cases at which time the Objections and any other claim objections filed by the Debtor will be scheduled for hearing.

###

The Clerk is directed to serve a copy of this order on interested parties.

2

EXHIBIT "B"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

In re:

DON KARL JURAVIN,                                Case No:   5:23-mc-7-GAP

    Movant.
_____

ORDER

This cause came on for consideration without oral argument on Don Karl Juravin's *pro se* Motion Seeking Leave to Appeal to the U.S. District Court from the U.S. Bankruptcy Court (Doc. 1).

I. **Background**

The Motion before the Court arises from claims filed in connection with Don Karl Juravin's ("Juravin") Chapter 7 bankruptcy proceedings.[1] In the instant Motion, Juravin seeks leave to appeal "a non-final Order," entered by the Bankruptcy Court on November 6, 2023, pursuant to Federal Rule of Bankruptcy Procedure 8004 ("Rule 8004") and 28 U.S.C. § 158(a)(3). Doc. 1. In the underlying Order, the Bankruptcy Court abated Juravin's objections to claims filed by Bella Collina Property Owners Association, Inc. and Consumer Opinion Corp. *Id.* at 8-9.

---

[1] *See* 6:18-bk-06281-LVV.

The Bankruptcy Court stated, in relevant part: "Because the chapter 7 trustee has not concluded administering assets in these cases, distributions to these creditors, if any, are unknown. As a result, judicial economy favors abating the Objections until the end of the cases." *Id.*

## II. Legal Standard

*A. Rule 8004*

Pursuant to Rule 8004, a motion for leave to appeal under 28 U.S.C. § 158(a)(3) must include:

(A) the facts necessary to understand the question presented;

(B) the question itself;

(C) the relief sought;

(D) the reasons why leave to appeal should be granted; and

(E) a copy of the interlocutory order or decree and any related opinion or memorandum.

Fed. R. Bankr. P. 8004(b)(1).

*B. 28 U.S.C. § 158*

Under 28 U.S.C. § 158, district courts have jurisdiction to hear appeals from interlocutory orders and decrees of bankruptcy judges with leave of court. *Id.* § 158(a)(3). However, 28 U.S.C. § 158(a)(3) does not provide criteria for evaluating when a court should exercise its discretionary jurisdiction. *See id.* As a result, district

courts look to the standards set forth in 28 U.S.C. § 1292(b).[2] *See In re Cruz*, No. 6:19-cv-647-Orl-37, 2019 WL 2084525, at *1 (M.D. Fla. May 12, 2019) (citing *In re Charter Co.*, 778 F.2d 617, 620 n.5 (11th Cir. 1985)); *see also 5200 Enters. Ltd. v. NYCTL 1998-2/MTAG*, No. 3:19-cv-1035-J-39, 2020 WL 13594940, at *2 (M.D. Fla. Aug. 25, 2020). Under § 1292(b), "a court will permit an interlocutory appeal of an order if (1) the order presents a controlling question of law, (2) over which there is substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." *In re Cruz*, 2019 WL 2084525, at *1 (citing 28 U.S.C. § 1292(b); *In re Celotex Corp.*, 187 B.R. 746, 749 (Bankr. M.D. Fla. 1995)).

### III. Analysis

As an initial matter, Juravin's Motion fails to comply with Rule 8004. Notably, Juravin includes only one of the Bankruptcy Court's orders with his Motion, although the Bankruptcy Court's ruling in that Order was based on its analysis in a prior order. *See* Doc. 1 at 8 ("For the reasons stated in the Order Overring Debtor's Objection to Claim No. 6-2 of Bella Collina Property Owners Association, Inc. [Doc. 901], the Court overruled, without prejudice, the objection based on Debtor's current lack of standing."). Consequently, Juravin's Motion is due to be denied

---

[2] 28 U.S.C. § 1292(b) governs interlocutory decisions appealed to circuit courts from district courts. *Id.*

under Rule 8004.

Juravin's Motion also fails on the merits. Simply put, Juravin has failed to demonstrate that the Bankruptcy Court's Order presents a controlling question of law over which there is substantial ground for difference of opinion among courts. In the Order at issue, the Bankruptcy Court merely abated Juravin's objections until the end of the case. Because Juravin has not shown that the Bankruptcy Court's Order presents any question of law, let alone one over which there is substantial ground for difference of opinion, Juravin's Motion will be denied.

### IV. Conclusion

Accordingly, it is hereby **ORDERED** that Don Karl Juravin's *pro se* Motion Seeking Leave to Appeal to the U.S. District Court from the U.S. Bankruptcy Court is **DENIED**. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 11, 2023.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party